[Civ. No. 7251. First Appellate District, Division Two.—February 4, 1930.]

In the Matter of the Estate of JOHN SEEGELKEN, Deceased. SOPHIE WITT et al., Appellants, v. LOUISE SCHMITZ et al., Respondents.

John L. McNab, Byron Coleman, Walter E. Rode and Albert Jacoby for Appellants.

Dinkelspiel & Dinkelspiel, F. A. Devlin and David K. Lener for Respondents.

NOURSE, J.—A petition was filed for letters of administration with the will annexed in the above-named estate. Contest was joined upon the ground that the will had been destroyed by the testator with the intention of revoking it. The cause was tried before the court sitting without a jury and resulted in findings and judgment for contestants. Petitioners appeal upon typewritten transcripts.

The petition alleged that the physical destruction of the will was made at a time when the testator was of unsound mind and that it was accomplished through the undue influence and fraud of Louise Schmitz, a niece of the testator, whose participation in the estate would be greatly increased by the revocation of the will.

The will was duly executed in 1914 when the testator was admittedly sane. In 1918 he was committed to the insane asylum at Agnews after proceedings duly had in the Superior Court of Monterey County. Just prior thereto he had been duly adjudged to be incompetent in proceedings in the same court and a guardian of his person and estate had been appointed. A few months after his commitment *habeas corpus* proceedings were instituted in Santa Clara County upon the hearing of which he was restored to competency and returned to his guardian in Monterey County. Immediately thereafter, upon stipulation of all interested parties, the guardianship proceedings in Monterey County were terminated and Seegelken was restored to competency.

The deceased was an unmarried man. He left a number of nieces and nephews, many of whom were given special bequests in the will of 1914. One of these nieces, Louise Schmitz, feeling aggrieved because two of the nieces had been particularly favored in the will, endeavored to stir up the other nephews and nieces to take some action. Unable to interest the others, she went to Salinas immediately after the incompetency proceedings were dismissed and persuaded her uncle to return with her to her home in San Francisco,

where he lived until his death in March, 1927. She testified that in November, 1918, the decedent destroyed the will by burning it in her kitchen stove and that he told her at the time that he did not want the will—that he was through with it. Soon thereafter she applied for and obtained letters of guardianship over his person and estate and this relation continued until his death.

On this appeal the petitioners attack the order upon the ground that the evidence is insufficient to support the findings that the decedent was mentally competent at the time the will was destroyed and that he destroyed it with intent to revoke it. In this connection they argue that the previous adjudication of insanity is evidence of continued mental incompetency because the only evidence heard in the *habeas corpus* proceeding demonstrated a condition of insanity at that time. This, however, is merely a collateral attack upon the judgment in the *habeas corpus* proceeding, and as that order recites that it was made after a hearing we must assume that the court deemed the evidence sufficient to prove sanity. In reference to the condition of the decedent at the time the will was destroyed, witnesses were produced who testified that he was then sane. This testimony was sufficient, if believed by the trial court, to sustain the finding that at the time the will was destroyed the decedent was sane and knew the consequences of his act. When the sufficiency of the evidence is the basis of the appeal our power ends when we find competent evidence which supports the finding unless the testimony upon which the finding is based is wholly improbable or contrary to physical facts so that we can say as matter of law that the finding is not supported by competent evidence.

As to the issue of fraud and undue influence we should add that the great preponderance of the evidence points unmistakably to a fixed course of conduct on the part of Louise Schmitz by which she secured possession of the decedent and his effects for the purpose of influencing him to destroy the will, but preponderance of the evidence alone does not justify a reversal. These charges were all denied by her, the trial court believed her, and her testimony alone is sufficient to support the findings adverse to appellants on these issues.

694

No errors in the conduct of the proceedings are assigned and we find none in the record.

Order affirmed.

Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 6, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1930.

All the Justices concurred.